**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | | CRIMINAL NO.   11-00046-CB |
| | * | |
| CALEB R. ADAMS | * | |
| | * | |
| Defendant. | | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**I**. **Federal Law**

18 U.S.C. § 922(g)(1) states that it shall be unlawful for any person "(1) who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm.  18 U.S.C. § 921(a)(20)(B) provides that what constitutes a  "crime punishable by imprisonment for a term exceeding one year" shall be determined "in accordance with the law of the jurisdiction in which the proceedings were held." Therefore, since this offense allegedly was committed in the state of Alabama and proceedings were held in this state, Alabama law governs whether the offense alleged in count two of the indictment is a "crime punishable by imprisonment for a term exceeding one year."

The United States Court of Appeals for the Eleventh Circuit has not affirmatively answered the question whether a youthful offender adjudication and sentence under Alabama law can serve as a predicate offense for violation of 18 U.S.C. § 922(g)(1). However, in other contexts involving sentencing enhancements not involving Alabama youthful offender adjudications, the Eleventh Circuit has determined that a youthful offender adjudication did qualify as an adult conviction. *See United States v. Wilks*, 464 F.3d 1240 (11th Cir. 2006)(holding that a prior adjudication under a Florida youthful offender statute can only be considered a conviction under U.S.S.G. § 4B1.1 if the youthful offense resulted in (1) an "adult conviction," and (2) a sentence of more than one year and one month; and finding that fact that defendant was convicted in an adult court coupled with the fact that the only difference in treatment between and adult criminal and the youthful offender was the maximum term of imprisonment (up to six years) and the type of facility in which the offender was incarcerated); *United States v. Pinion*, 4 F.3d 941, 943-45 (11th Cir. 1993)(holding South Carolina youthful offender adjudication qualified as a conviction under U.S.S.G. § 4B1.1 because "the nature of the proceedings, the sentence received, and the actual time served" indicated the youthful offense had resulted in an adult conviction. Because these cases involved sentencing enhancements and not the question at issue here, and because they did not construe

the Alabama Youthful Offender Act, they have no controlling importance here.

In a case construing the Alabama Youthful Offender Act, the Eleventh Circuit concluded that an adjudication under the Act "is very different from [a] conviction of an adult. It is not deemed a conviction of crime at all. It does not disqualify for public office or public employment or forfeit any rights or privileges." *Gordon v. Nagle*, 2 F.3d , 385, 387 (11th Cir. 1993). In the context of a prosecution under 18 U.S.C. § 2252(b)(1), (b)(2), the court in *United States v. Loomis*, 230 Fed. Appx. 938 (11th Cir. 2007)(unpublished), reviewing the case under the plain error standard of review, determined that it is not "unequivocally clear" from the statute's wording that a youthful offender adjudication under Alabama law is prohibited from being used in this manner, since the word "conviction" is not statutorily defined. Hence, the court determined that the error, if any, was not "plain." *See United States v. Lett*, 483 F.3d 782, 790 (11th Cir. 2007). Moreover, one federal court has held that a youthful offender adjudication in Alabama does not constitute a "felony conviction" for the purpose of qualifying as a career offender under U.S.S.G. § 4B1.1. *United States v. Temmis*, 45 F. Supp. 2d 1305, 1306 (M.D. Ala. 1999), *aff'd* 203 F.3d 841 (11th Cir.).

## II.  Alabama Law

The law in Alabama is clear that a sentence imposed under the Youthful Offender Act is not a "conviction."  *United States v. Robinson*, 518 F. Supp. 2d 1341, 1344.  The Youthful Offender Act specifically provides that a determination made under the Act "shall not be deemed a conviction of crime."  *Ala. Code § 15-19-7(a)*.  Moreover, Alabama courts have repeatedly held that youthful offender adjudications may not be considered prior convictions under Alabama law.  *See Ex parte Thomas* 435 So. 2d 1324, 1326 (Ala. 1982)(holding that an adjudication as a youthful offender can not be considered a prior felony conviction under Alabama's Habitual Offender Act); *Thomas v. State*, 445 So. 2d 992, 994 (Ala. Crim. App. 1984)(holding youthful offender adjudication cannot be used to impeach a witness's credibility); *Baldwin v. State*, 456 So. 2d 117, 123 (Ala. Crim. App. 1983)(holding youthful offender adjudication cannot be considered an aggravated circumstance under Alabama's death penalty statute.

Whereas the Youthful Offender Act does provide that if the defendant "is subsequently convicted of a crime, the prior adjudication as youthful offender shall be considered," *Ala. Code § 15-19-7(a)*, this has been construed to mean only that the adjudication can be considered in determining the sentence to be imposed within the statutory range for a later crime.  *Ex parte Thomas* 435 So. 2d at 1326 (Ala. 1982).

*See Gordon v. Nagle*, 2 F.3d 385, 387 (11th Cir. 1993)("The most central consequence of [Alabama's] youth offender status . . . is that the adjudication made pursuant to such status ay be considered in determining a sentence to be imposed within the statutory range for a later crime of which defendant is convicted, but it may not be considered a prior felony conviction as contemplated by the Habitual Offender Act.").

## **CONCLUSION**

This indictment is due to be dismissed because the offense of which the Defendant was adjudicated in count two was a youthful offender conviction under the Alabama Youthful Offender Act. The Defendant was not sentenced to imprisonment but placed on probation. Since, under these circumstances, the adjudication was not a crime under Alabama law and he was not considered "convicted," the offense cannot be used as a predicate to support a conviction under 18 U.S.C. § 922(g)(1).

Respectfully submitted,

*/s/Christopher Knight*
Christopher Knight
Assistant Federal Defender
Southern District of Alabama
Federal Defenders Organization, Inc.
11 North Water Street, Suite 11290
Mobile, Alabama 36602
(251)433-0910

Counsel for Caleb R. Adams

**CERTIFICATE OF SERVICE**

I do hereby certify that I have electronically served a true and correct copy of the foregoing pleading upon A.U.S.A. Gregory A. Bordenkircher on this the 30th day of March, 2011.

>                             */s/Christopher Knight*
>                             Christopher Knight