IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 11-00046-CB |
| | * | |
| CALEB RYAN ADAMS | * | |
| | * | |

**UNITED STATES' RESPONSE TO MOTION TO DISMISS INDICTMENT**

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and files this response to the defense counsel's March 30, 2011 motion to dismiss. The United States requests that this motion be denied.

**I.      Background**

On February 24, 2011, Caleb Adams was charged in Count Two of the Indictment with knowingly possessing a firearm in or affecting interstate commerce after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Specifically, Count Two alleges that on or about January 28, 2011, Adams knowingly possessed a Remington, Model 870 Express Magnum 12 gauge shotgun, serial number C89873M. Prior to his possession of this firearm, on January 11, 2011, Adams pled guilty to Theft of Property 1st degree in Escambia County Circuit Court, court number 10-398, and received a three-year sentence.

On March 30, 2011, defense counsel for Adams filed a motion to dismiss Count Two of the Indictment on the grounds that Adams's plea of guilty to the state offense on January 11, 2011 cannot serve as a predicate conviction for Section 922(g)(1), because Adams was adjudicated as a youthful offender. Since he was adjudicated as a youthful offender, defense counsel argues that

Adams was never *convicted* of a crime punishable by imprisonment for a term exceeding one year.

In a separate argument, defense counsel argues that prosecuting under Section 922(g)(1) is unconstitutional in light of the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008).

**II.     Analysis**

**A.     Count Two of the Indictment is Not Defective**

The critical issue here is whether a youthful adjudication under Alabama law can serve as a predicate conviction for the purposes of Section 922(g)(1).  This issue has never been addressed by the Eleventh Circuit or the Southern District of Alabama.

Under Alabama law, a youthful offender adjudication "shall not be deemed a conviction of a crime." ALA. CODE § 15-19-1.  This has been further clarified in several opinions which addressed youthful offender adjudications in certain specific circumstances.  For instance, a prior youthful adjudication cannot constitute a predicate conviction for the purposes of the Alabama Habitual Offender Act.  *Ex parte Thomas*, 435 So. 2d 1324, 1326 (Ala. 1982).  Similarly, a youthful offender adjudication cannot be considered as an aggravating circumstance under Alabama's death penalty statute, *Baldwin v. State*, 456 So. 2d 117, 123 (Ala. Crim. App. 1983), nor can such an adjudication be used like a prior conviction to impeach a witness's credibility in Alabama state court.  *Thomas v. State*, 445 So. 2d 992, 994 (Ala. Crim. App. 1984).  Finally, the Middle District of Alabama has held that an Alabama youthful offender adjudication is not an "adult conviction," and therefore, cannot constitute a predicate conviction for the purposes of the federal Armed Career Criminal Act. *United States v. Robinson*, 518 F. Supp. 2d 1341, 1345 (M.D. Ala. 2007).

However, a youthful offender adjudication is not overlooked in all circumstances under

Alabama law. For instance, "a prior youthful offender adjudication is properly considered in determining the sentence to be imposed within the statutory range for a later crime for which the defendant has been convicted." *Ex parte Thomas*, 435 So. 2d at 1326; *see also Gordon v. Nagle*, 2 F.3d 385, 387 (11th Cir. 1993).

While the cases cited above suggest that an Alabama youthful offender adjudication might not be able to serve as a predicate conviction for the purposes of Section 922(g)(1), the United States is unaware of any binding case law stating as such.

      **B.**    **Decision on This Motion Does Not Affect Indictment in 10-CR-00045-CB**

Caleb Adams was also indicted in a separate February 24, 2011 Indictment, case number 10-CR-00045-CB, with being in possession of a firearm while under indictment for a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(n). In the 10-CR-00045-CB Indictment, the United States alleges that on or about November 27, 2010, Adams knowingly possessed a Remington Rifle, model 7400, 30-06 caliber, serial number B8373077. Prior to his possession of this firearm, on August 6, 2010, Adams was indicted for Theft of Property 1st degree and Criminal Trespass 2nd degree in Escambia County Circuit Court, case number CC 10-398. This is the state criminal case in which Adams eventually received youthful offender adjudication. However, on the date of possession alleged in the Indictment, Adams had not yet been adjudicated guilty under youthful offender status from the state court. Therefore, when Adams possessed the Remington Rifle on or about November 27, 2010, he was then under indictment for a crime punishable by imprisonment for a term exceeding one year.

Accordingly, a determination by the court that Adams's adjudication as a youthful offender

necessitates the dismissal of the Section 922(g)(1) charge would not affect the validity of the Section 922(n) charge.

### C. Section 922(g)(1) Is Not Unconstitutional in Light of *Heller*

Defense counsel raised a constitutional issue concerning Section 922(g)(1) in his motion, but never addressed the merits of the argument in his brief.  However, any argument defense counsel could have made on this issue would likely have been without merit.

In *Heller*, the Supreme Court held that the Second Amendment provides an individual with a right to possess and use a firearm for lawful purposes, such as self-defense within the home.  *See Heller*, 554 U.S. at 636   However, the Supreme Court also made clear that "the right secured by the Second Amendment is not unlimited."  *Id.* 626.  The Supreme Court emphasized that "nothing in [its] opinion should be taken to cast doubt on the longstanding prohibitions of possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings. . . .  *Id*. at 626-27.  This regulatory measures provided by the Court were intended as examples of constitutional restrictions to the right guaranteed under the Second Amendment, and were not intended to be an exhaustive list.  *Id.* at 627 n.26.  Thus, like other constitutional rights, the individual right protected by the Second Amendment is not absolute, but is subject to appropriate restrictions.

Restricting the ability to possess firearms by an individual who has been convicted of a crime punishable by imprisonment for a term exceeding one year is a constitutional restriction of that individual's Second Amendment right.  Nothing in *Heller*, or any subsequent binding opinion, suggests otherwise.

**III.     Request**

The United States requests that the Court deny the motion to dismiss Count Two of the Indictment.

Respectfully submitted this 8th day of April, 2011.

        KENYEN R. BROWN
        UNITED STATES ATTORNEY
        By:

        */s/ Gregory A. Bordenkircher*
        Gregory A. Bordenkircher
        Assistant United States Attorney
        United States Attorney's Office
        63 South Royal Street, Suite 600
        Mobile, Alabama 36602
        Telephone: (251) 441-5845

**CERTIFICATE OF SERVICE**

I certify that I have filed the foregoing pleading with the clerk of the Court using CM/ECF, which automatically serves a copy of the same upon counsel for the defendant this the 8th day of April, 2011.

        */s/Gregory A. Bordenkircher*
        Gregory A. Bordenkircher
        Assistant United States Attorney