IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 11-00046-CB |
| CALEB RYAN ADAMS | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on a motion to dismiss the indictment filed by Defendant Caleb Ryan Adams and on the government's response thereto. (Docs. 25 & 34.) The indictment charges the Defendant with "receiv[ing], in and affecting commerce, a firearm" after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). As one basis for his motion to dismiss,[1] Defendant points out that the "prior conviction" alleged in the indictment was actually a youthful offender adjudication in Alabama state court.[2] The question presented is whether that adjudication qualifies as a prior conviction. For reasons discussed below, the Court finds that it does not.

---

[1] Defendant also argues that the indictment should be dismissed because 18 U.S.C. § 922(g)(1) is unconstitutional in light of *District of Columbia v. Heller,* 554 U.S. 570 (2008), an argument that is clearly without merit. In *Heller*, the Supreme Court stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons ...." *Heller*, 554 U.S. at 626. "Thus, statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people." *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010).

[2] The government acknowledges that the predicate offense charged in the indictment resulted in a youthful offender adjudication and not in an adult felony conviction.

The Defendant is charged with violation of a Federal firearms statute which makes it unlawful "for any person. . . who has been *convicted* in any court of[ ] a crime punishable by imprisonment for a term exceeding one year. . . to possess in or affecting commerce any firearm or ammunition or to receive any firearm or ammunition which has been shipped in interstate or foreign commerce."  18 U.S.C. § 922(g)(1) (emphasis added).  "What constitutes a conviction [for purposes of § 922(g)(1)] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."  18 U.S.C. § 921(20).

Alabama law leaves no room for doubt--a youthful offender adjudication is *not* a conviction.  First, it is not a conviction because that is what the Alabama Youthful Offender Act says.  According to the statute, a youthful offender adjudication "shall not be deemed a conviction of a crime."  Ala. Code  § 15-19-7 (1975).  Both state and federal courts agree that the statute means what it says—an adjudication is not a conviction.  In *United States v. Robinson*, 518 F. Supp. 2d 1341 (M.D. Ala. 2007), the court held that the defendant's Alabama youthful offender adjudication did not count as a conviction under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(1) (ACCA).  Relying on both the language of the Youthful Offender Act and on a survey of Alabama case law, the *Robinson* court noted: "Alabama courts have repeatedly held that youthful offender adjudications may not be considered prior convictions under Alabama law."  *Robinson*, 518 F. Supp.2d at 1344 (and cases cited therein).  Addressing habeas claims related to Alabama's youthful offender statute, the Eleventh Circuit observed that "[t]he most central consequence of [the] statute . . . is that the adjudication . . . may not be considered a prior felony conviction as contemplated by the [Alabama] Habitual Offender Act."  *Gordon v. Nagle*, 2 F.3d 385, 387 (11th Cir. 1993); *cf. United States v. Lee*, 265 Fed. Appx. 763

(11th Cir. 2008) (per curiam) (concluding that Alabama youthful offender adjudication did not qualify as adult felony conviction under ACCA).

In light of the foregoing,[3] the Court finds that the motion to dismiss is due to be **GRANTED**.

**DONE** and **ORDERED** this the 19th day of April, 2011.

> s/*Charles R. Butler, Jr.*
> **Senior United States District Judge**

---

[3] Furthermore, the government has been unable to cite any authority—state or federal—to support the proposition that a youthful offender adjudication qualifies as a conviction.